UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-80677-UU

SA BALM BEACH LLC, on behalf of itself
and all others similarly situated,

    Plaintiff,
v.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, *et al.*,

    Defendants,
_____/

## ORDER DENYING MOTION TO STAY

THIS CAUSE is before the Court upon Plaintiff's Motion to Stay Proceedings Pending Determination of Whether the Judicial Panel on Multidistrict Litigation Will Transfer this Action Under 28 U.S.C. § 1407. D.E. 8 (the "Motion"). The Court has considered the Motion and the pertinent parts of the record and is otherwise fully advised in the premises.

On April 22, 2020, Plaintiff filed its putative class action Complaint against the defendant-insurers, seeking declaratory relief regarding insurance coverage for business interruption due to COVID-19, as well as damages for the defendants' breach of the insurance policies. *See* D.E. 1 (the "Complaint"). On May 11, 2020, Plaintiff filed the instant Motion, seeking to stay the action while the Judicial Panel on Multidistrict Litigation ("JPML") considers several pending motions to transfer this and other related cases for inclusion in a multidistrict litigation proceeding ("MDL"). *See* Mot. Meanwhile, Defendants have waived service of process and are due to respond to the Complaint on or before June 29, 2020. *See* D.E. 9; D.E. 10.

The Court takes judicial notice that the JPML has assigned the proposed MDL the case number MDL No. 2942, with the case name *In re: COVID-19 Business Interruption Protection*

*Insurance Litigation*. The JPML rules give the parties an opportunity to brief fully the question of transfer before considering the matter at its bimonthly hearing session. The parties anticipate that the JPML will hear argument on the transfer motions at its July 30, 2020 hearing in Boston, Massachusetts. *See* Mot. at 5–6; D.E. 14 at 4. In the meantime, this Court's jurisdiction continues.

Plaintiff argues that proceeding with the case in this Court will be inefficient and a waste of resources, requiring the parties prepare and file a Joint Planning and Scheduling Report ("JSR") (*see* D.E. 5), exchange initial disclosures, and otherwise commence discovery—all while the transfer motions remain pending. Mot. at 7–8. Puzzlingly, Plaintiff also argues that denying a stay would be inefficient <u>for the defendants</u> because of their need to file responsive pleadings or motions to dismiss. *Id.* Plaintiff protests that it would be unduly burdened by its meet-and-confer obligations, as well as any required drafting for the JSR, disclosures, discovery, and motion practice. *Id.* at 8–9. Further, Plaintiff predicts that a transfer order is not only likely to be entered, but also is unlikely to result in transfer to this District—even though this District is one of three potential venues proposed to the JPML for transfer. *See id.* at 9; D.E. 14 at 10; *see also* MDL No. 2942, D.E. 9 at 5–9 (filed by plaintiffs El Novillo Restaurant, d/b/a DJJ Restaurant Corporation and El Novillo Restaurant, d/b/a Triad Restaurant Corporation).

Defendants disclaim any potential inefficiencies. *See* D.E. 14. They "are ready, willing, and able to meet the current deadlines and respond to Plaintiff's Complaint." *Id.* at 2. To the contrary, Defendants argue that Plaintiff "rushed to court to file this case"—having submitted its insurance claim on April 7, 2020, and filing suit only weeks later—but now seeks to let its allegations linger without any forward movement. *Id.* at 1–2. Defendants claim that they will be filing dispositive motions based on pure issues of law and which are premised, at least in part, on unique non-standardized exclusions and endorsements. *Id.* at 2, 4–5, 8. Defendants also posit that

transfer is unlikely, *id.* at 2, 5, 9–11, and in any event, the parties would need to undertake preliminary litigation steps (such as resolving the pleadings) no matter what venue is ultimately selected, *id.* at 8–9. However, Defendants propose "a less harsh remedy" that would avoid a potential waste of party resources and duplication of efforts: "Rather than forcing the parties to go forward with potentially duplicative discovery, the Court can, and should, allow the briefing to go forward, issuing a stay pending the ruling on dispositive motions." *Id.* at 7; *see also id.* at 9 ("the Court could eliminate any concerns over [duplicative and/or burdensome discovery] by simply staying discovery pending its ruling on dispositive motions").

It is well-established that a district court has the inherent authority to stay its own proceedings. *See, e.g., Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir.2000) (evaluating district court's *sua sponte* stay of case pending resolution of a related foreign matter for abuse of discretion). "Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Lopez v. Miami-Dade Cty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (quotations omitted).

Critically, though, a court need not automatically stay a case just because a party has moved the JPML for consolidation and transfer. *Billy's Seafood, Inc. v. Transocean Holdings, Inc.*, No. 10-0215-WS-B, 2010 WL 2104610 at *1 (S.D. Ala. May 25, 2010) (collecting cases). Instead, when (as here) a party moves for a stay at the very early stages of a case, the court should consider

3

whether justice is best served by continuing with the preliminary steps. *See id.* at *1–2. The Court agrees with the reasoning in *Transocean Holdings, Inc.*:

> Regardless of whether and where the MDL Panel ultimately transfers this action for consolidated and coordinated pretrial proceedings, defendants will need to file answers or responsive pleadings. Should any of those defendants see fit to file Rule 12(b) motions, those motions will need to be briefed. Entering a stay at this juncture and under these circumstances would not rescue [movants] from material hardship or the risk of inconsistent adjudications; after all, they must answer the Complaint anyway, and the likelihood of adjudication of any merits issues prior to … when the MDL Panel will hear the motions to transfer[] appears quite slim, simply because of the nascent status of this litigation. … Such a protracted delay appears both unnecessary and unwarranted. By contrast, it would benefit both the parties and the transferee court (assuming there is one) to have a clear picture of the issues joined and the defenses raised, with briefing of any threshold legal issues already completed, at the time of any transfer order by the MDL Panel.

*Id.* at *2. Here, too, if Defendants file their Rule 12(b) motion(s) on June 29, 2020, the motion(s) likely will not become ripe for adjudication until, at the earliest, July 20, 2020—a mere 10 days before the anticipated date on which the JPML will hear argument on the transfer motions. Dispositive motion briefing should go forward, but the Court, in the exercise of its discretion, will stay all other deadlines. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 8, is GRANTED IN PART. Defendants SHALL respond to the Complaint on or before June 29, 2020. Briefing on any dispositive motions SHALL go forward in a timely manner as set forth by Local Rule 7.1. In all other respects, however, this case is STAYED. The stay shall apply to excuse the parties from filing their JSR, exchanging initial disclosures, and commencing discovery, until further Court order.

DONE AND ORDERED in Chambers at Miami, Florida, this _28th__ day of May, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record